José C. de Figuerola, Plaintiff, v. McGraw-Hill Publishing Company, Inc., Defendant.

Supreme Court, Special Term, New York County, October 10, 1947.

*Newman & Kaufman* for defendant.

*Gordon, Brady & Keller* for plaintiff.

PECORA, J. The amended complaint states a cause of action for libel. It does not allege any special damages, and defendant now moves to dismiss it as insufficient. The action is based upon the publication of a photograph of plaintiff in connection with an article in a publication called " Business Week ", which falsely identified plaintiff as the " Spanish-born Argentine citizen, Jose Figuerola ", who is stated to be the Director of Argentine's Five-Year Plan. The amended complaint was served after the original complaint was dismissed by Mr. Justice HECHT (189 Misc. 840, 842). The present pleading has added the allegation which was absent in the original complaint, Mr. Justice HECHT having said " As thus amended, the complaint will properly allege a false publication which is libelous per se (*Balabanoff* v. *Hearst Consolidated Publications*, 294 N. Y. 351.)" The instant pleading, by paragraphs sixth and seventh now alleges among other things that the Jose Figuerola described in the article in connection with the plaintiff's photograph, " is publicly known to have been a wartime Axis agent and had been found by the Government of the United States of America to be a wartime Axis agent ".

I am in agreement with Mr. Justice HECHT's view that the article " draws with it all the Argentine Jose Figuerola is, and any facts publicly known about him which would tend to make plaintiff shunned or avoided by those who mistakenly believed him to be the Argentine Figuerola as a result of reading the article * * * ." The libel as now pleaded does not depend upon extrinsic facts. The amended complaint merely sets forth facts which " are essential to an understanding of the significance of the language of the subject publication ". (*Balabanoff* v. *Hearst Consolidated Publications*, 294 N. Y. 351, 355.) Therefore, no allegation of special damages is necessary in order to sustain the sufficiency of the cause of action as now pleaded. **The motion to dismiss is denied.**